## Griffen et al. v. Cooper et al.

1. PARTNERSHIP—*What is, etc.*—A community of profit is the very essence of a partnership.

2. PARTNERSHIP—*Community of Profit—Application of the Law.*—C. and S. entered into an agreement by which S. was to furnish the manuscript of a book on gambling, which, when furnished, was to be the property of both of them, etc. *It was held,* that C. did not thereby become bound to pay the expense S. might be at in preparing such manuscript. There was no community of profit in the preparation of the

manuscript of this work. S. had agreed to furnish this, and was to receive a certain reward therefor.

3. PARTNERSHIP—*Agreement to Form a Corporation.*—An agreement to form a corporation is, perhaps, such a joint undertaking, as that, for work done in pursuance of it, and solely for the *joint* benefit, each would be liable; as, for instance, the employment of a lawyer to prepare the necessary papers, payment of fees, etc.

**Memorandum.**—Action in the Circuit Court of Cook County; the Hon. SAMUEL McCONNELL, Judge, presiding. Declaration for work, etc.; plea of general issue; trial by jury; verdict and judgment for plaintiffs; defendants appeal. Heard in this court at the March term, 1893, and affirmed. Opinion filed March 18, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANTS' BRIEF, FRANK A. JOHNSON, ATTORNEY.

When two or more persons join money, or goods, or labor, or all of these together, and agree to give each other a common claim upon such joint stock, this is partnership. Rutherford Inst. of Nat. Law Bk., 1 Ch. 13, Sec. 9; Fougner v. First Nat. Bk. Chicago, 141 Ill. 124; Linter v. Williams, 47 Ill. 178.

Persons who agree to form a corporation to carry on a certain business, and proceed with work, and procure materials to be used by the corporation when organized, and thereby contract debts, are liable as partners. Cook on Stock and Stockholder, Sec. 233 and note 5, and Sec. 234 and notes; Bigelow v. Gregory, 73 Ill. 197; Pettis v. Atkins, 60 Ill. 454–7; Collier on Partnership, 4.

When several persons agree to form a corporation, one putting in one kind of property and another another, but no incorporation is effected, there is a *quasi* partnership when parties are entitled to share the profits and losses, and this, though the title to the property put in is not changed. Flagg v. Stowe, 85 Ill. 164; Stowe v. Flagg, 72 Ill. 397.

Parties to an agreement for a joint interest of the same nature in a particular adventure are, *inter se*, partners. One may contribute money and the other labor. Robbins v. Laswell, 27 Ill. 365.

APPELLEES' BRIEF, EDWARD MAHER, ATTORNEY FOR HENRY N. COOPER.

A community of profit is the very essence of the contract of partnership, for without this community of profit a partnership can not, in contemplation of law, exist. Irvin v. N. C. & St. L. R. R. Co., 92 Ill. 103.

OPINION OF THE COURT, WATERMAN, J.

This was an action of assumpsit to recover of appellees, as partners, for services performed upon the order and by the direction of Simonds only. Cooper denies that he was in partnership with Simonds, and says that the services in question were not performed for him, Cooper, or by his order.

One question presented to the court was, whether two certain written instruments executed by Cooper and Simonds, or what was done thereunder, constituted them partners.

The first instrument executed by them was an agreement to form a joint stock company, under the laws of the State of Illinois, with a capital of $60,000; and provided how the stock should be equally divided between them, and what each party should give the corporation for his share.

This instrument contained an agreement by Cooper to assign to the aforesaid corporation " his contract with one John Quinn for the production of a book upon gambling," and that the said Cooper and Simonds should have an equal interest in said book.

The organization of the corporation was afterward abandoned, and Cooper and Simonds made another agreement, whereby Simonds agreed to have the manuscript of said book on gambling finished during the first week of September, 1889, and Cooper agreed, if said manuscript was so finished, to pay into a certain bank, on the 6th day of September, 1889, the sum of $1,200.

The plaintiffs were employed by Simonds to do, and did, stenographic work in the collection of matter for the said work on gambling.

The agreement to form a corporation was, perhaps, such a joint undertaking that work done in pursuance thereof,

which was solely for their joint benefit, each would be liable for; as, the employment of a lawyer to prepare the necessary papers, payment of fees, etc.; but Cooper did not thereby become bound to pay for the expense Simonds might go to in preparing certain manuscript books as his contribution for the stock he was to receive, any more than Simonds became liable to pay a note Cooper might have given to obtain the money, he, Cooper, was to raise and pay toward the stock he was to receive.

So, too, as to the second instrument. Simonds agreed to furnish the manuscript of a book on gambling, which, when furnished, was to be the property of him and Cooper; but Cooper did not thereby become bound to pay the expense Simonds might be at in preparing such manuscript.

The work done by appellants was not done for Cooper and Simonds, or for any corporation they contemplated organizing; it was done for Simonds alone, although the manuscript, if completed, might by Simonds have been turned over to a contemplated corporation or firm.

It is quite true, as is held in Fougner v. First National Bank of Chicago, 141 Ill. 124, that an instrument may constitute a partnership, although there is in it in terms no mention of partnership; and equally true, that as regards third parties, persons may become, or rather be held, as partners, without their having intended to assume such relation. Lintner v. Milliken, 47 Ill. 178.

A community of profit is the very essence of partnership. Irvin v. N. C. & St. L. Ry. Co., 92 Ill. 103.

There was certainly no community of profit in the preparation of the manuscript of this work on gambling. Simonds had agreed to furnish this, and was to receive certain reward therefor. If it had cost Simonds $10,000 to prepare this manuscript, the expense or loss would have been his alone, and if it had not cost him, Simonds, a dollar to do as he had promised, Cooper would have been none the richer.

If the corporation or partnership had been formed, Simonds would have had no right to pledge its credit for what he alone was to supply.

The judgment of the Circuit Court is affirmed.